**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

MICHAEL S. ROSTOCKI, IV,    )    C.A. NO.: N13C-08-140 ALR
        Plaintiff,    )
           )
    v.    )
           )
GEICO GENERAL    )
INSURANCE COMPANY,    )
        Defendant.    )

Submitted: November 17, 2014
Decided: November 17, 2014

***Upon Defendant's Motion for Summary Judgment***
**GRANTED**

Defendant GEICO General Insurance Company filed a motion for summary judgment on the grounds that Plaintiff had filed this lawsuit seeking Underinsured Motorist Benefits but had failed to exhaust all available liability coverage. Plaintiff filed a response in opposition to GEICO's motion; GEICO filed a reply; and the Court heard oral argument. In consideration of GEICO's motion, the Court finds as follows:

1. This lawsuit arises from a motor vehicle accident that occurred on or about April 21, 2010. Plaintiff was a passenger in the vehicle driven by Plaintiff's father.

2. Plaintiff did not pursue a claim against his father and declined a settlement from his father's insurance company.

3.  On the other hand, Plaintiff did pursue a claim against the driver of the other vehicle involved in the car accident and the owner of that other vehicle.

4.  The GEICO policy at issue in this lawsuit was issued to Plaintiff's father and provides for Uninsured/Underinsured Motorist Benefits, as follows:

    > (a) The definition of "Uninsured Motor Vehicle" is amended to include "Underinsured Motor Vehicle." . . . .
    > (c) We shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an underinsured motor vehicle until after the limits of *liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident have been exhausted* by payment of judgments or settlements.[1]

5.  Plaintiff has Underinsured Motorist Benefits under Plaintiff's father's GEICO policy; however, Plaintiff did not exhaust the benefits under the insurance policy. Accordingly, Plaintiff did not exhaust all available liability coverage, and exhaustion is a prerequisite to triggering underinsured motorist benefits.

6.  Plaintiff is barred under both statutory and decisional law from the recovery of Underinsured Motorist Benefits from Defendant GEICO because Plaintiff failed to pursue a claim against his father who was the driver of the vehicle in which Plaintiff was a passenger.

---

[1] Def's. Mot. Summ. J. Ex. D, at 36 (emphasis added).

7. Delaware law provides, in relevant part:

> The insurer shall not be obligated to make any payment under this coverage until after the limits of liability under *all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted* by payment of settlement or judgments.[2]

8. The exhaustion of liability policies before recovering underinsured motorist benefits was the central issue in the Delaware Supreme Court decision *Dunlap v. State Farm.*[3]  The Court concluded that the exhaustion requirement of Delaware's Underinsured Motorist Statute is clear and unambiguous and that Underinsured Motorist insurers were obligated to pay Underinsured Motorist Benefits only "after the insureds exhaust all available liability insurance policies."[4]

9. Summary judgment may be granted only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5]  Defendant is entitled to judgment as a matter of law.  There are no genuine issues of material fact in dispute and the law is clear that Plaintiff may not recover Underinsured Motorist Benefits from Defendant GEICO because Plaintiff did not exhaust all available liability insurance policies.

---

[2] 18 *Del. C.* § 3902(b)(3) (emphasis added).
[3] 878 A.2d 434 (Del. 2005).
[4] *Id.* at 439-40.
[5] Super. Ct. Civ. R. 56.

**NOW, THEREFORE,** this 17th day of November, 2014, judgment is hereby entered in favor of Defendant GEICO General Insurance Company and against Plaintiff Michael Rostocki, IV.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**